IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARY WICKENKAMP, | ) | 8:13CV262 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| CLAY SMITH, ANDREW STROTMAN, B & J PARTNERS, ABC CORPORATION, Its Successor Entity, CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, L.L.P., A Nebraska Limited Liability Partnership, JOHN DOE NO.1, and JOHN DOE NO. 2, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, Mary Wickenkamp, claims the defendants engaged in a conspiracy to obtain information through illegal electronic surveillance and to disclose and use illegally obtained information. On October 18, 2013, Defendants Andrew Strotman and Cline Williams Wright Johnson & Oldfather, L.L.P., filed a motion for summary judgment (filing 42) and Defendant Clay Smith filed a motion to dismiss (filing 47).[1] Plaintiff's responses to these motions were due on November 12, 2013. *See* NECivR 6.1(c) & 7.1(b)(1)(B). Plaintiff failed to respond within the prescribed time.

### *Plaintiff's Suggestion of Bankruptcy*

On November 21, 2013, Plaintiff filed a suggestion of bankruptcy (filing 50), which indicates she filed a Chapter 7 petition in the United States Bankruptcy Court

---

[1] In a memorandum and order entered on October 4, 2013 (filing 38), Magistrate Judge Cheryl R. Zwart established an October 18 deadline for the filing of any Rule 12 motion.

for the District of Texas on October 18, 2013.[2] It appears Plaintiff is seeking to claim the benefit of an automatic stay under the provisions of 11 U.S.C. § 362(a)(1), but that statute has no application to this case. "Because the automatic stay applies to 'the commencement or continuation ... of a judicial ... proceeding against the debtor,' 11 U.S.C. § 362(a)(1), it is well established that it does not apply to a proceeding brought by the debtor that inures to the benefit of the debtor's estate." *Farley v. Henson*, 2 F.3d 273, 274-75 (8th Cir. 1993). The plaintiff's suggestion of bankruptcy, treated as a motion for a stay, will be denied.

### *Plaintiff's Motion for Extension of Time*

On November 25, 2013, plaintiff filed a motion for extension of time (filing 51) to respond to Defendants' motions. Because such motion was not filed before the response deadline, Plaintiff must show that she "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Plaintiff states, in an unverified affidavit,[3]

> 3. That I am still recovering from a serious surgery that occurred on June 11, 2013 and for [w]hich I was hospitalized until June 19, 2013. I was subjected to certain physical restrictions by my [p]hysician until July 31, 2013.... That as a result of my medical condition I have been receiving Social Security Disability since September 1, 2013 and that the money received therefrom is my only significant source [o]f income. These factors hamper my ability to respond quickly to matters in this litigation....

---

[2] In a subsequent filing, Plaintiff states the bankruptcy case was dismissed on November 7, 2013. (Filing 52, ¶ 5.)

[3] Plaintiff's "affidavit" is not notarized, but the document will be considered as an unsworn declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

> 4. That I have been out of the state of Texas since August 22, 2013 assisting family members with personal family business with the cost of such travel paid for by family members.... That on leaving Texas I made arrangements to have my mail forwarded to me in Oregon and later in Missouri. That I have encountered difficulties in receiving all mailings regarding legal matters and that I received the Motion for Summary Judgment in Missouri on approximately November 15, 2013. Further, that I expect the family matters in which I am involved will be resolved by December 11, 2013 and that I will be back in Texas on or about that date....
>
> 5. That on October 18, 2013 I filed a Chapter 7 bankruptcy proceeding with the Southern District of Texas, .... The court dismissed the bankruptcy action on November 7, 2013. From October 18, 2013 to November 7, 2013 this matter was still subject to the automatic stay in bankruptcy imposed by the Southern District of Texas.[4]
>
> 6. That I require additional time to respond to the pending motions and respectfully [r]equest that the court allow me until December 30, 2013 to respond thereto. I have a good faith, reasonable belief that there exists a valid legal basis to oppose the Motion for Summary Judgment and, further that I am entitled under the law to conduct discovery as to certain issues so that I may obtain evidence that can be introduced to assert my position. I intend to file a motion seeking leave to conduct certain discovery in order to enable me to respond adequately to the Motion for Summary Judgment.
>
> 7. That I believe that it is in the furtherance of justice and in furtherance of my [d]ue process rights that I be granted an extension of time to respond to all pending motions until December 30, 2013.

(Filing 52.)

"Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, ... late filings caused by inadvertence, mistake, or carelessness,

---

[4] As discussed above, Plaintiff is mistaken about the automatic stay.

as well as by intervening circumstances beyond the party's control.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 388 (1993)). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395). "[T]he following factors are particularly important: (1) the possibility of prejudice to [Defendants]; (2) the length of [Plaintiff's] delay and the possible impact of that delay on judicial proceedings; (3) [Plaintiff's] reasons for delay, including whether the delay was within [her] reasonable control; and (4) whether [Plaintiff] acted in good faith." *Id.* (quoting *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999)).

Regarding Defendant Smith's motion to dismiss, Plaintiff has made no showing that she failed to receive a service copy before the response deadline, and she has provided no reasonable justification for the delay in seeking an extension of time. Also, because the motion to dismiss involves a simple question of law (*i.e.*, whether the allegations of Plaintiff's complaint are sufficient to state a claim upon which relief can be granted), there is no real need for Plaintiff to file an opposing brief. Her failure to respond is not considered a confession of the motion. *See* NECivR 7.1(b)(2)(C).

Plaintiff indicates she did not receive a copy of Defendants Strotman and Cline Williams' motion for summary judgment until November 15, 2013, but her failure to make adequate arrangements for receiving mail during her extended absence from Texas does not constitute excusable neglect under Rule 6(b)(1)(B). *See, e.g., Feeney v. AT & E, Inc.*, 472 F.3d 560, 563 (8th Cir. 2006) ("[Appellant's] failure to make adequate plans to receive his mail for two months, at a time when he was a defendant in a pending legal proceeding, was careless to the point of indifference.") "[Plaintiff's] indifference to logistical matters within [her] 'reasonable control' weighs against [her] in the equitable balance." *Id.* (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

In any event, Plaintiff states that she "intend[s] to file a motion seeking leave to conduct certain discovery in order to enable [her] to respond adequately to the Motion for Summary Judgment." Under Rule 56(d), Plaintiff is required to "show[ ] by affidavit or declaration that, *for specified reasons*, [she] cannot present facts essential to justify [her] opposition" to the motion for summary judgment before the court will defer consideration of the motion and allow time for discovery. Fed. R. Civ. P. 56(d) (emphasis supplied). Plaintiff's uninformative affidavit fails to satisfy this requirement. *See* *Nolan v. Thompson*, 521 F.3d 983, 986-87 (8th Cir. 2008) ("In the absence of an affidavit or declaration showing what specific facts further discovery might uncover, a district court generally does not abuse its discretion in denying a motion for continuance and granting summary judgment on the basis of the record before it); *see also* *Johnson v. United States*, 534 F.3d 958, 965 (8th Cir. 2008) (Rule 56(d) affidavit should describe: "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful.").

For the foregoing reasons, Plaintiff's motion for an extension of time will be denied in all respects. Defendants' motions are ripe for consideration.

### *Defendant Smith's Motion to Dismiss*

Plaintiff alleges that "Defendants did conspire with D. Rahn Hostetter and D. Zachary Hostetter, Bruce Hampton and others to obtain, disclose and use ... information that Defendants knew to have been obtained from the unlawful interception of communications between Lloyd Trackwell and Mary Wickenkamp." Complaint (filing 1), ¶ 17. This information allegedly was obtained by Oregon residents "Bruce Hampton, Venese Hampton, Scott Hampton conduct[ing] illegal electronic surveillance on landline telephones and cell phones used by Lloyd Trackwell, Judith Trackwell and other persons in violation of 18 U.S.C. 2511." Complaint, ¶ 10. More specifically, it is alleged that "from at least January 1, 2009

the Hamptons illegally intercepted telephone calls between Mary Wickenkamp and Lloyd Trackwell and provided information therefrom to third parties, [i]ncluding D. Rahn Hostetter, Rebecca Knapp and, after March 1, 2010, D. Zachary Hostetter," and that "[s]ometime after January 1, 2009 Rahn Hostetter, Rebecca Knapp, Bruce Hampton, Venese Hampton and Scott Hampton began providing [this] information ... to Defendants." Complaint, ¶¶ 12, 13. "Defendants [allegedly] at all times knew that the information received from the individuals in Oregon [h]ad been obtained through unlawful means," "used this information in Nebraska and in Texas in efforts to collect a judgment owed by Plaintiff," and "knowingly and intentionally used and disclosed such information in the State of Texas knowing that the information had been obtained in violation of 18 U.S.C. 2511." Complaint, ¶ 14.

18 U.S.C. § 2511 provides that any person who "intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection," or who "intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection," is guilty of a criminal offense. 18 U.S.C. § 2511(1)(c),(d). "[A]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity ... which engaged in that violation such relief as may be appropriate." 18 U.S.C. § 2520(a).

Plaintiff has done little more than to quote the statutory language and to allege as a legal conclusion the existence of a civil conspiracy. Without any facts showing Defendant Smith's involvement in the alleged conspiracy, the complaint fails to state a claim upon which relief can be granted.

> "A pleading that states a claim for relief must contain: a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed.R.Civ.P. 8(a)(2). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955) (alteration in original).

*Horras v. American Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013).

The Rule 12(b)(6) motion to dismiss will be granted, and Plaintiff's action will be dismissed with prejudice as against Defendant Smith. The court will not grant Plaintiff leave to amend without a proper request having been made. *See, e.g., Longaker v. Boston Scientific Corp.*. 715 F.3d 658, 663 (8th Cir. 2013) ("Because [the plaintiff] never requested leave to amend his complaint, the district court cannot be faulted for failing to allow him to do so."); *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 665 (8th Cir. 2012) ("A district court does not abuse its discretion in failing to invite an amended complaint when plaintiff has not moved to amend and submitted a proposed amended pleading.") (quoting *Drobnak v. Andersen Corp.*, 561 F.3d 778, 787 (8th Cir. 2009)).

### *Defendants Strotman and Cline Williams' Motion for Summary Judgment*

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. See Dancy v. Hyster Co., 127 F.3d 649, 652-53 (8th Cir. 1997). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue; the court merely determines whether there is evidence creating a genuine issue for trial. See Bell v. Conopco, Inc., 186 F.3d 1099, 1101 (8th Cir. 1999).

The moving party bears the burden of showing there are no genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Id. at 325. The burden then shifts to the nonmoving party, who "may not rest upon mere allegation or denials of [her] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

Defendant Strotman, who is a partner in the Cline Williams law firm, states in an unsworn declaration under penalty of perjury that he appeared as attorney of record for B & J Partnership, Ltd., defending against a breach-of-contract action that was filed in this court in 2005 by Judith Trackwell (Case No. 4:05CV3171, the "Nebraska Litigation"), and in which Mary Wickenkamp was the original attorney for Trackwell (filing 9-1, ¶ 7); that during the course of the Nebraska Litigation, this court entered various orders and judgments against Wickenkamp sanctioning her for acting in bad faith and abusing the court's processes (id., ¶ 8); and that Wickenkamp was permitted to withdraw as attorney of record for Trackwell in February 2006 (id., ¶ 9). Defendant Strotman's declaration continues:

10. Following entry of the sanctions judgment in the Nebraska Litigation, Cline Williams and I undertook steps in Nebraska to try to collect that judgment from Wickenkamp, who we believed at that time was still living in Nebraska. Our efforts were unsuccessful, however, and we lost track of Wickenkamp and ceased actively trying to collect on the judgment in late 2007 or early 2008.

11. The other defendants in the Nebraska Litigation assigned their interests in the sanctions judgment against Wickenkamp to B&J, and B&J eventually made a conditional assignment of all of the sanctions to Cline Williams.

12. In April, 2010, I received a telephone call out of the blue from Rahn Hostetter, an attorney in Oregon. Hostetter told me that he was representing some clients in a dispute with Lloyd R. Trackwell, Jr., who is Judith Trackwell's son. Hostetter apparently come across my name as the result of a court records search for litigation involving the Trackwell family. He was looking for some assistance in locating information about Lloyd R. Trackwell, Jr. in Nebraska.

13. I have never intercepted any telephone calls involving Wickenkamp, Lloyd Trackwell, Jr., or anyone else. I have no knowledge whatsoever about anyone intercepting telephone calls involving Wickenkamp, Lloyd Trackwell, Jr., or anyone else. No one has ever communicated anything to me suggesting that telephone calls were being intercepted, nor did anyone convey any information to me that was so personal that I suspected it to be from an unusual source.

14. I did not use any information I learned from Hostetter in the state of Texas.

15. On May 24, 2010, the United States District Court for the District of Nebraska entered a Memorandum and Order in the Nebraska Litigation (1) requiring Wickenkamp to show cause why she should not be held in contempt for wilful failure to pay sanctions, and (2) ordering Cline Williams or one of its lawyers or agents to serve Wickenkamp with a copy of the order and to file proof of service....

\*\*\*

17. None of the information used to locate Wickenkamp in connection with the service of the Memorandum and Order or the Nebraska Litigation was provided by Hostetter.

(Filing 9-1.)

Defendant's Strotman's declaration, when considered in connection with other evidence in the record, provides a sufficient showing that there is no factual basis for the claims that Plaintiff has made against him and Cline Williams. Because Plaintiff has not met her reciprocal burden of showing that there is a genuine issue of material fact for trial, they are entitled to the entry of summary judgment.

### *Claims Against Other Defendants*

The two other named defendants in this action, B & J Partners and ABC Corporation, have not entered appearances, nor is there any evidence that summonses have been issued or served upon them. The John Doe defendants also have not been identified or served. This action was filed on March 5, 2013.

"If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Pursuant to this rule, Plaintiff will be directed to show cause why the action should not be dismissed without prejudice against B & J Partners, ABC Corporation, and the John Doe defendants.

Accordingly,

IT IS ORDERED:

1. Plaintiff's suggestion of bankruptcy (filing 50), treated as a motion for a stay, is denied.

2. Plaintiff's motion for extension of time (filing 51) is denied in all respects.

3. Defendant Clay Smith's motion to dismiss (filing 47) is granted, and Plaintiff's action is dismissed with prejudice as against said defendant.

4. The motion for summary judgment filed by Defendants Andrew Strotman and Cline Williams Wright Johnson & Oldfather, L.L.P. (filing 42), is granted, and Plaintiff's action is dismissed with prejudice as against said defendants.

5. Plaintiff is directed to show cause, on or before December 23, 2013, why this action should not be dismissed without prejudice as against the other defendants, B & J Partners, ABC Corporation, John Doe No. 1, and John Doe No. 2, for failure to effect service of process within 120 days.

6. Entry of final judgment will be deferred pending resolution of all claims alleged against the other defendants.

DATED this 27th day of November, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge