IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARY WICKENKAMP, | ) | 8:13CV262 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| CLAY SMITH, ANDREW STROTMAN, B & J PARTNERS, ABC CORPORATION, Its Successor Entity, CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, L.L.P., A Nebraska Limited Liability Partnership, JOHN DOE NO.1, and JOHN DOE NO. 2, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

On November 27, 2013, the court entered a memorandum and order which, among other things: (1) denied Plaintiff's motion for extension of time (filing 51) to respond to Defendants' motions; (2) granted Defendant Clay Smith's motion to dismiss (filing 47) and dismissed Plaintiff's action against said defendant with prejudice; (3) granted a motion for summary judgment filed by Defendants Andrew Strotman and Cline Williams Wright Johnson & Oldfather, L.L.P. (filing 42), and dismissed Plaintiff's action against said defendants with prejudice; and (4) directed Plaintiff to show cause, on or before December 23, 2013, why this action should not be dismissed without prejudice as against the other Defendants, B & J Partners, ABC Corporation, John Doe No. 1, and John Doe No. 2, for failure to effect service of process within 120 days. Entry of final judgment was deferred.

Plaintiff's motion for extension of time was denied because it was not filed before the response deadline and Plaintiff did not make a showing that she "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Regarding the motion

for summary judgment, Plaintiff also failed to make a showing by affidavit that, "for specified reasons, [she] cannot present facts essential to justify [her] opposition" to the motion. Fed. R. Civ. P. 56(d).

On January 1, 2014, Plaintiff filed a Rule 56(d) motion (filing 55) requesting an unspecified amount of time to conduct discovery before being required to respond to the motion for summary judgment. Plaintiff also filed a separate motion (filing 54) requesting leave to file the Rule 56(d) motion out of time. Plaintiff's motions are accompanied by an affidavit (filing 57), the first four paragraphs of which are substantially similar to those contained in the affidavit she filed in support of the previous motion for extension of time (filing 52). In addition, Plaintiff states:

> 5. I am making a request pursuant to Federal Rule of Civil Procedure 56(d) for an order permitting me to conduct discovery in this case in order to respond to the Defendants['] Motion for Summary Judgment. Defendants have continued to engage in conduct intended to further and which did further the conspiracy alleged in this case and that such conduct continued as recently as 2012. This conduct includes statements made by the Defendants and communications with third parties intended to further the conspiracy herein. Those statements of which I am aware include statements by Andrew Stratman that his actions were done at the request of and the approval of Clay Smith. That I believe this conduct provides a factual basis for the court to find that the conspiracy and the pattern of wrongful conduct alleged in this case continues and would provide evidence confirming the occurrence of such conduct. That such evidence would allow me to seek leave to amend the pleadings herein to include allegations of wrongful conduct occurring through 2012 and to mount a viable defense to the motion for summary judgment.
>
> 6. I cannot effectively respond to the Defendant's [*sic*] Motion for Summary Judgment without Being [*sic*] granted leave to conduct discovery in this case . Discovery is necessary to obtain the evidentiary materials needed To [*sic*] prove the continued conduct by Defendants. For that reason I have requested that the court enter an order pursuant to Federal Rule of Civil Procedure 56( d) allowing me to conduct discovery

> in this case. If allowed discovery by the court, I intend to serve written discovery on the Defendants and subsequently take their depositions as well as the depositions of third parties to whom the Defendants made statements. I am in the process of making arrangements with family members for the payment of the costs of these depositions.

(Filing 57). Plaintiff argues in a supporting brief (filing 56) that she expects to prove a "continuing violation" to avoid a statute of limitations defense.

In effect, Plaintiff is asking the court to reconsider its prior ruling. "[M]otions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.'" *Nelson v. American Home Assur. Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012) (quoting *Elder–Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006)). Plaintiff has not demonstrated "mistake, inadvertence, surprise, or excusable neglect" or "any other reason justifying relief" from the court's order. *See* Fed.R.Civ.P. 60(b)(1), (6).

Also, Plaintiff has again failed to make a showing of "excusable neglect" under Rule 6(b)(1)(B) to permit consideration of the Rule 56(d) motion. Even if the court were to entertain Plaintiff's untimely Rule 56(d) motion, the motion for summary judgment was not granted because of a statute of limitations defense. Rather, the court found "no factual basis" for the claims made against Defendants Andrew Strotman and Cline Williams Wright Johnson & Oldfather, L.L.P. (filing 53 at 10). Plaintiff's showing is not sufficient under Rule 56(d).

Finally, Plaintiff has failed to respond to the court's directive that she show cause why her claims against Defendants B & J Partners, ABC Corporation, John Doe No. 1, and John Doe No. 2 should not be dismissed without prejudice. It will be so ordered.

Accordingly,

IT IS ORDERED:

1. Plaintiff's motion for leave to file out of time (filing 54) is denied.

2. Plaintiff's motion for leave to conduct discovery (filing 55) is denied.

3. Plaintiff's action is dismissed without prejudice as against Defendants B & J Partners, ABC Corporation, John Doe No. 1, and John Doe No. 2.

4. Final judgment shall be entered by separate document, whereupon the clerk of the court shall close the file for statistical purposes.

DATED this 6th day of January, 2014.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge